IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY KIRKENDALL-HELLER, individually and as Special Administrator for the Estate of KRYSTEN MISCHELLE GONZALEZ, deceased,<br><br>   Plaintiff,<br><br>-vs-<br><br>BOARD OF COMMISSIONERS OF OKLAHOMA COUNTY; P.D. TAYLOR, individually; and TURN KEY HEALTH CLINICS, LLC,<br><br>   Defendants. | Case No. CIV-21-0011-F |

## ORDER

    This action alleges constitutional claims under 42 U.S.C. § 1983 arising out of the alleged suicide of Krysten Gonzalez at the Oklahoma County Detention Center (the jail). Three motions to dismiss are pending, including a motion by the Board of County Commissioners of Oklahoma County (the Board). Doc. no. 12.[1]

    One of the Board's arguments for dismissal is that it was improperly named as a means by which to hold Oklahoma County liable for the jail's policies and

---

[1] Response brief, doc. no. 14. Joint reply brief, doc. no. 18.

procedures. The Board argues that, under 19 O.S. § 4, the proper defendant for this purpose is not the Board but a county official named in his official capacity.

In response, plaintiff explains that the Board was named because, in prior cases, the county argued the Board was the proper defendant by which to bring § 1983 claims against the county. Doc. no. 14, p. 3. Plaintiff then states that she "is more than willing to amend her complaint to solely name P.D. Taylor individually and officially," as she observes that claims amended in that manner "would bind the County for all claims regarding its unconstitutional policies and procedures." Id. at pp. 3-4 (emphasis added).[2]

The cases and orders cited by plaintiff on this issue pre-date the amendment of 19 O.S. § 4 which became effective on November 1, 2019. Section 4 now makes clear that the correct means by which to name a county as a defendant in an action involving § 1983 claims (claims not arising out of contract) is to name the appropriate county officer in his or her official capacity, not the Board. The amended version of § 4 also authorizes the court to substitute an appropriate county officer in his or her official capacity, when appropriate.

Sheriff Tommie Johnson, III (successor to Sheriff P.D. Taylor) is the county official with final policymaking authority for the jail.[3] Accordingly, the court

---

[2] Sheriff P.D. Taylor is already named in this action as a defendant in his individual capacity.

[3] Powell v. Board of County Commissioners of Oklahoma County, 2019 WL 2238022 (W.D Okla. May 23, 2019), involved an attempted suicide by a pre-trial detainee held in the Oklahoma County Detention Center. Powell states that whether an official has final policymaking authority for purposes of § 1983 is a question of state law, and that under Oklahoma law, the sheriff is the final policymaker regarding the jail, citing state statutes. Id. at *4, n.3. Powell also notes that the county could be liable for then-Sheriff Whetsel's actions "as a final policymaker regarding the

proposes the Board be dismissed from this action under Rule 12(b)(6) as argued in the Board's motion, and that Sheriff Johnson, in his official capacity, be substituted as a defendant in place of the Board.  Plaintiff has already noted her receptivity to this type of substitution to ensure that her claims against the county are brought in the name of the proper party.[4]  If the substitution is made, the court would then impute the Board's other arguments for dismissal to Sheriff Johnson in his official capacity.  Thus, plaintiff's claims against the county, as well as the county's arguments for dismissal (now made by the Board but to be imputed to Sheriff Johnson in his official capacity) would be preserved.  This procedure would also permit the court to go on to address the remaining issues presented in the Board's motion without delays for further motions and briefing.[5]   To be clear, the procedure proposed in this order would not impact plaintiff's claims against Sheriff P.D. Taylor in his individual capacity.  Sheriff Taylor, as the sheriff responsible for the jail at the time of Gonzalez's alleged suicide, would remain a defendant in his individual capacity.

---

OCDC." *Id*.  (Ultimately, Powell ruled the complaint did not state a claim against the Board, *i.e.* against the county. The Board was named as a defendant because Powell pre-dates the amendment to 19 O.S. § 4.)

[4] As stated in a recent, unpublished decision addressing claims arising out of a detainee's suicide, Heidel v. Mazzola, ___ Fed. Appx. ___, 2021 WL 1103507 (10th Cir. Mar. 23, 2021), citing Cox v. Glanz, 800 F.3d 1231, 1254 (10th Cir. 2015):  "The Estate's claim against Sheriff Mazzola in his official capacity is equivalent to a suit against a governmental entity; thus, our municipal-liability cases apply.

[5] For example, without the proposed substitution, plaintiff would presumably move to substitute. If the substitution were granted, the county, acting through Sheriff Johnson in his official capacity, would move to dismiss, making the same arguments which are already made by the Board in its motion.

If any party objects to any part of the proposal made in this order, that party shall file a short notice stating its objection.  Such notice is **DUE** three business days from the date of this order.  If no objection is filed, the court will likely effect the proposed substitution, direct the clerk to change the caption of this action on the docket sheet in accord with this order, direct the parties to use the new caption going forward, impute the Board's other arguments for dismissal to defendant Sheriff Tommie Johnson in his official capacity, and then go on to address the remaining issues which are currently before the court in the pending motions to dismiss.

IT IS SO ORDERED this 9th day of June, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0011p004.docx