# COURTROOM MINUTE SHEET

DATE    3-14-2023

CIVIL NO.   CIV-21-011   –F

Gabrielle K. Pasqualetti, as Special Administrator for the Estate of Krysten Mischelle Gonzalez, Deceased
-vs-
Sheriff Tommie Johnson, III, in his Official Capacity; and Turn Key Health Clinics, LLC

COMMENCED   10:00      ENDED   10:35      TOTAL TIME   35 min.

PROCEEDINGS      Motion hearing

JUDGE STEPHEN P. FRIOT      DEPUTY LORI GRAY      REPORTER TRACY THOMPSON

PLF COUNSEL      Derek Franseen

DFT SHERIFF COUNSEL      Carri Remillard

DFT TURN KEY COUNSEL      Timothy Campbell

OKLA. COUNTY CRIMINAL JUSTICE AUTHORITY COUNSEL   Robert Powell, Raegan Sifferman

The court hears arguments of counsel.

The court rules on Plaintiff's Second Motion to Compel Discovery Per Rule 30(b)(6) Subpoena to the Person Most Knowledgeable Concerning the Operation and Use of the Oklahoma County Detention Center Involved in Injuries Concerning Krysten Mischelle Gonzalez (doc. no. 55) as follows:

Re "Item 1 of Plaintiff's Exhibit A [ECF No. 41-1]: A complete report of the investigation surrounding the death of Krysten Mischelle Gonzalez on January 8, 2019," the court **RESERVES RULING** on item 1 pending the results of a Rule 30(b)(6) deposition of the Oklahoma County Criminal Justice Authority (the "Authority").

Re "Item 3 of Plaintiff's Exhibit A: Any and all internal schematic drawings of the Oklahoma County Detention Center. Please include any schematics that indicate where audio or video recordings are located within the detention center as well," the court **ORDERS** production of the internal schematics within ten days after entry of a protective order that by its terms would apply to the schematics as produced to the plaintiff.   The court expects to receive, in its orders inbox, within seven days, an agreed proposed protective order that will apply to the schematics.   If an agreement cannot be reached, the parties shall submit their respective proposed protective orders.

Re "Item 5 of Plaintiff's Exhibit A: All reports prepared by any employee agent, servant or detention staff at the Oklahoma County Detention Center in relation to failure to provide medical and/or inmate suicide attempts at suicide from the [years] 2008 to present," the motion is **GRANTED IN PART**.   The Authority is

**DIRECTED** to produce, within 45 days, all materials including IAPro reports within the meaning of item 5 but with a beginning date of January 1, 2014.

Re "Item 6 of Plaintiff's Exhibit A: All jail door computerized logs, sight logs, pod logs for all pods from October 11, [2018] through January 8, 2019 for the Oklahoma County Detention Center. Plaintiff agrees to limit this request to pods, cells and logs related to the areas where Krysten Gonzalez was housed. She was housed in 6 David," the court **RESERVES RULING** on item 6 pending the results of a Rule 30(b)(6) deposition of the Authority.

Re "Item 9 of Plaintiff's Exhibit A: All jail inspection reports from any state or federal agency on the Oklahoma County Detention Center for the years 2008 through present," the court **RESERVES RULING** on item 9 pending the results of a Rule 30(b)(6) deposition of the Authority.

Re "Item 13 of Plaintiff's Exhibit A: Please produce all corrected action plans to address concerns by the Department of Justice, various institutes and/or the Oklahoma Department of Health in relation to Oklahoma County Detention Center's mental health inmates," the court **RESERVES RULING** on item 13 pending the results of a Rule 30(b)(6) deposition of the Authority.

The court clarified that the Rule 30(b)(6) deposition contemplated by today's rulings should be understood to be preliminary, for the purpose of ascertaining the existence of materials encompassed by the motion heard today.

The court made clear to the Authority its expectation that the Authority will take seriously its responsibility to comply in every respect, and on a timely basis, with its discovery obligations in this case.

21-0011x001.docx